UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FELIX ANIBAL HATTON-PINEDA,

                              Petitioner,

        v.                                              **DECISION AND ORDER**
                                                          06-CR-285S
                                                          08-CV-630S
UNITED STATES OF AMERICA,

                              Respondent.

## I.  INTRODUCTION

        Presently before this Court is pro se Petitioner Felix Anibal Hatton-Pineda's Motion

to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Docket No.

33).  Petitioner has also moved for a "Declaration for Entry of Summary Judg[]ment or

Default." (Docket No. 42).   For the reasons discussed below, this Court will reserve

decision on the § 2255 motion until the record is expanded as ordered, and will deny

Petitioner's motion for a default judgment.

## II. BACKGROUND

        On April 10, 2007, Petitioner appeared before this Court, waived indictment, and

pled guilty to a one-count Superseding Information charging him with illegally reentering

the country after being convicted of an aggravated felony in violation of 8 U.S.C. § 1326

(a), (b)(2).  See 8 U.S.C. § 1329.  In his plea agreement, Petitioner acknowledged that in

or about April 2005 he was:

        an alien who previously had been removed from the United States following
        a conviction for an aggravated felony, [and that he] knowingly and unlawfully

1

> entered the United States through Puerto Rico, without having first applied
> for and obtained the express consent of the Attorney General of the United
> States or his successor, the Secretary of the Department of Homeland
> Security, to reapply for admission to the United States.  Subsequently,
> [Petitioner] was apprehended in the Western District of New York.

Docket No. 22 at 3.  Petitioner agreed that it was the understanding of the parties that his

sentencing range included a term of imprisonment of 57 to 71 months, with a fine of $7,500

to $75,000, and a two to three year period of supervised release.  Id. at 5.  The parties

further agreed that Petitioner would be sentenced to a 60-month term of imprisonment, and

in the event that this Court determined that such a sentence was not appropriate, Petitioner

would be afforded an opportunity to withdraw his plea of guilty.  Id. at 5-6.

As a part of the plea agreement, Petitioner also acknowledged and waived his right

to appeal, modify, or collaterally attack either any component the sentence imposed by the

Court which fell within or is less than the sentencing range for imprisonment, or to

challenge the fine and supervised release outlined in the plea agreement.  Id. at 8-9.  This

waiver precludes a collateral attack on the sentence even in the event that Petitioner

subsequently becomes aware of previously unknown facts or changes in the law.

Petitioner was subsequently sentenced in conformance with the plea agreement on August

14, 2007.  Docket No. 41.  No notice of appeal was filed.

Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on August 22, 2008.

Docket No. 33.  The Government responded with an opposing Memorandum of Law,

Docket No. 35, and Petitioner filed a reply brief. Docket No. 40.  In April 2011, Petitioner

also filed a motion for a "Declaration for Entry of Summary Judg[]ment or Default."  Docket

No. 42.  The Government did not file a response to this motion.

2

## III.  DISCUSSION

**A.      Petitioner's § 2255 Motion**

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their

sentences.  That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal

case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction

in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect

which inherently results in a complete miscarriage of justice.' " Graziano v. United States,

83 F.3d 587, 590 (2d Cir. 1996) (per curiam), quoting United States v. Bokun, 73 F.3d 8,

12 (2d Cir. 1995).

In his motion, Petitioner argues that he was denied effective assistance of counsel

because (1) counsel failed to appeal Petitioner's conviction and sentence after being

requested to do so; (2) the Superseding Information was barred by the Speedy Trial Act

limitations period; (3) counsel failed to seek a downward departure based upon the

unreasonable delay in prosecution, resulting in the lost opportunity for Petitioner's state

and federal sentences to run concurrently; and (4) counsel failed to argue that a downward

departure was warranted due to the disparity in the availability of the fast-track and early disposition program between this and other jurisdictions. Where, as here, a defendant's conviction has been secured by way of a plea agreement, a defendant asserting an ineffective assistance of counsel claim must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that this deficiency in performance affected the outcome of the plea process.  Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); see Strickland v. Washington, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

With respect to the first claim, Petitioner asserts that "he specifically requested that counsel, Ms. Kimberly A. Schecter,[1] file a notice of appeal and appeal his conviction and sentence.  Ms. Schecter failed to pursue an appeal of [Petitioner's] case as requested." Petitioner's Mem of Law, Docket No. 33, at 6.  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), even if the defendant has waived the right to appeal or the lawyer believes the appeal to be frivolous.  Campusano v. United States, 442 F.3d 770, 771-772 (2d Cir. 2006); see also Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002)(the failure of trial counsel to file a requested appeal constitutes an independent ground for habeas relief).  Petitioner's allegation is unsupported by any factual detail, however, it is also not contradicted by the current record.  Thus, the motion, files, and records of the

---

[1]Although Petitioner was also briefly assigned additional counsel to serve in a consultative role in connection with Petitioner's plea agreement, Docket No. 19, the petition makes no reference to this attorney.

4

case do not conclusively show that Petitioner is not entitled to any relief, and therefore, as the Government concedes, a hearing on this allegation is necessary.  28 U.S.C. § 2255 (b); see Armienti v. United States, 234 F.3d 820, 825 (2d Cir.2000) (actions outside the presence of the trial judge generally cannot be resolved without a hearing); see also Gov't Mem of Law in Opp'n, Docket No. 35, at 12.

Although further inquiry is warranted, a district court has the discretion to determine whether a testimonial hearing is required, or if an expansion of the record will afford a sufficient basis for a determination of Petitioner's motion.  Campusano, 442 F.3d at 776; Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003); Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001).  Accordingly, this Court will direct that both trial counsel and Petitioner submit affidavits describing the factual circumstances related to Petitioner's allegation that he requested that a notice of appeal be filed on his behalf.  See Fed. R. Governing Section 2255 Proceedings 7; see generally Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998)(absent highly unusual circumstances, counsel should be afforded an opportunity to be heard on allegations of ineffective assistance).  It is asserted in the Government's opposing memorandum of law that an attempt to obtain an affidavit from trial counsel was unsuccessful.  Docket No. 35 at 12.  To the extent, if any, that trial counsel's reluctance is based on a concern regarding attorney-client privilege, this Court reminds all parties concerned that "[w]hen a habeas petitioner asserts that his trial counsel was ineffective and bases that assertion on claims involving privileged communications, the privilege is waived regarding those conversations." Overbaugh v. United States, 483 F.Supp.2d 223, 225 (N.D.N.Y. 2007).  If a determination cannot be made after the record

is thus expanded, an evidentiary hearing will then be scheduled. <u>Pham</u>, 317 F.3d at 184.

Finally, in the event that Petitioner establishes his entitlement to relief on this claim of ineffective assistance, the remaining claims in the petition are more properly left for consideration on direct appeal. <u>Wall v. United States</u>, 619 F.3d 152, 154-155 (2d Cir. 2010); <u>Martinez v. United States</u>, No. 07-CV-2473, 2012 WL 252841, *7 (E.D.N.Y. Jan. 26, 2012). Accordingly, the Court will not consider the remaining § 2255 claims at this time.

**B.    Petitioner's Motion for a Default Judgment**

Petitioner asserts that he is entitled to a default judgment against the Government based on its failure to "answer or otherwise defend the matter" following Petitioner's filing of a reply brief in 2008. Docket No. 42. Pursuant to Local Rule 7 (a)(6), the Government is not permitted to file a sur-reply absent permission of the Court. There being no default on the part of the Government, Petitioner's Motion for Summary Judgment or Default is denied.

## III.  CONCLUSION

For the reasons discussed above, the Court will reserve decision on Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence until the record is expanded as ordered. Petitioner's Motion for Summary Judgment or Default Judgment is denied.

## IV.  ORDERS

IT HEREBY IS ORDERED, that within 30 days of the date of this order, Petitioner and his trial counsel, Kimberly A. Schecter, Esq., shall each file an Affidavit in accordance with this Decision and Order;

FURTHER, that Petitioner's Motion for a Default Judgment (Docket No. 42) is

denied.

      SO ORDERED.


Dated:   June 24, 2012
       Buffalo, New York

                  /s/William M. Skretny
                 WILLIAM M. SKRETNY
                      Chief Judge
              United States District Court